1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

SEP 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESLEY MCINTOSH,                    )    NO. CV 08-5796 RGK (FMO)
                                    )
            Petitioner,             )
                                    )
      v.                            )    ORDER RE: SUMMARY DISMISSAL OF
                                    )    ACTION FOR LACK OF JURISDICTION
BRIAN HAWS, Warden,                 )
                                    )
            Respondent.             )
                                    )
_____)

On September 5, 2008, petitioner, who is currently incarcerated at the California State Prison, Los Angeles County ("LAC") in Lancaster, California, filed this action as a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, it appears from the face of petitioner's filing that he is not challenging the legality of his conviction, or otherwise claiming to be in custody in violation of the Constitution or laws or treaties of the United States. (See, e.g., Petition at 2). The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing § 2254 Cases in the

United States District Courts. Petitioner's Petition does not: (a) state any claims for federal habeas relief; or (b) include information from which a court could determine whether petitioner has exhausted available administrative and judicial court remedies.

Rather, petitioner appears to be complaining about the conditions of his confinement at LAC. (See Petition at 5-6 & 8). Specifically, petitioner claims that: (1) LAC is denying him access to the courts by refusing to process his in forma pauperis forms; (2) the appeal process at LAC is a "joke and a hindrance to inmates;" (3) prison overcrowding violates the Eight Amendment's prohibition on cruel and unusual punishment; and (4) prison officials denied him medication for a wart on his arm. (See id.). In short, petitioner does not provide any information relating to any conviction and/or sentence.[1]

The Court therefore finds and concludes that the jurisdictional requisite for a § 2254 petition has not been met here. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks and citation omitted); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979, as amended June 29, 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Hartman v. Summers, 878 F.Supp. 1335, 1347 n. 15 (C.D. Cal. 1995), aff'd, 120 F.3d 157 (9th Cir. 1997) ("[T]he Ninth Circuit has made clear that habeas petitions are limited to attacks upon the legality or duration of confinement.").

The Court also has considered whether to ignore the mislabeling, and construe this action as a civil rights action, brought pursuant to 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 409 (1971) (per curiam), superceded by statute on other grounds as stated in Woodford v. Ngo, 548 U.S. 81, 84, 126 S.Ct. 2378, 2382 (2006); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974). However, it does not appear that petitioner's allegations are

---

[1] While petitioner does allege that prison officials have not properly credited him for time spent in county jail facilities, (see Petition at 9), the gravamen of plaintiff's Petition relates to the conditions of his confinement. (See id. at 5-6 & 8). Even assuming petitioner had stated a habeas claim, it does not appear from the face of the Petition that he has exhausted his state court remedies. (See id. at 3-4). If petitioner intends to file a habeas petition, he should limit his claims to attacks upon the legality or duration of his confinement.

sufficient to even state a claim for violation of his federal civil rights.[2] Moreover, petitioner failed to submit a completed Declaration in Support of Request to Proceed In Forma Pauperis and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of his complaint, both of which are required in order to file a complaint in a civil action without prepayment of fees. See 28 U.S.C. § 1915(a)(2).

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily **dismissed** for lack of jurisdiction. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts; Local Rule 72-3.2.

DATED: 09-16, 2008.

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[2] Even assuming petitioner had stated a claim, it does not appear from the face of the Petition that he has exhausted his available administrative remedies. See 42 U.S.C. § 1997e(a).